IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Reginald Evans, | C/A No.: 0:15-3521-JFA-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Land Star Transportation Logistic, Inc., | |
| Defendant. | |

This matter comes before the court on the motion of Land Star Transportation Logistic, Inc. ("Defendant") to dismiss this case based on the failure of Reginald Evans ("Plaintiff") to participate in meaningful discovery. [ECF No. 40]. This matter having been fully briefed [ECF Nos. 43, 44], it is ripe for disposition. This case was referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e),(g) (D.S.C.). For the reasons that follow, the undersigned recommends the court grant Defendant's motion to dismiss.

I.      Factual and Procedural Background

Defendant filed its first motion to compel on February 5, 2016, indicating that Plaintiff's responses were due and had not been received. [ECF No. 28]. On February 8, 2016, the undersigned issued an order granting Defendant's first motion to compel and directing Plaintiff to provide responses by February 18, 2016. [ECF No. 30]. The order also noted that Plaintiff had waived his right to object to the discovery requests. *Id*. The order was also mailed to Plaintiff on February 8, 2016. [ECF No. 32]. On February 9, 2016, the

Clerk's office docketed Plaintiff's answers to Defendant's discovery requests, which consisted entirely of objections. [ECF No. 33]. A review of the envelope reveals that the document was mailed to the court by certified mail on February 6, 2016, and received by the court on February 8, 2016. [ECF No. 33-1]. Therefore, Plaintiff's objections crossed in the mail with the undersigned's order.

On February 11, 2016, Defendant filed its second motion to compel, requesting Plaintiff provide substantive answers to Defendant's discovery requests. [ECF No. 37]. In the February, 12, 2016 order, the undersigned noted that Plaintiff had previously been directed to provide substantive answers to Defendant's discovery requests by February 18, 2016, and had been advised that he had waived any objections. [ECF No. 38]. The undersigned clarified that Plaintiff's intervening filings had not altered the order of this court and that Plaintiff remained responsible for providing substantive discovery responses by February 18, 2016. *Id*. Plaintiff was further advised that failure to comply with the court's order may result in a recommendation that his case be dismissed for failure to participate in discovery and/or sanctions. *Id*.

Plaintiff's responses, dated February 6, 2016 and February 16, 2016, are attached to Defendant's motion and consist only of boilerplate objections. [ECF No. 40-1, 40-2].

II.    Discussion

   A.    Authority for dismissal

Rule 37 of the Federal Rules of Civil Procedure defines the sanctions a court may levy on a party who refuses to cooperate in discovery. Under Fed. R. Civ. P. 37(a)(1), "a party may move for an order compelling disclosure or discovery." Under Fed. R. Civ. P.

37(b), a district court may impose sanctions, including dismissal of claims, for a party's failure to comply with the court's discovery orders. To warrant dismissal, the offending party's conduct in the litigation must demonstrate a "pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.,* 872 F.2d 88, 93 (4th Cir. 1992); A court must consider four factors to determine whether the offending party's conduct demonstrates such a pattern and disrespect for the court: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.* at 92. In addition, the Fourth Circuit Court of Appeals has emphasized the significance of providing a party with a clear warning regarding the possibility of dismissal before entering such a sanction. *Hathcock v. Navistar Int'l Transp. Corp.,* 53 F.3d 36, 40 (4th Cir. 1995).

B.  Analysis

Plaintiff fails to offer any reason for his failure to participate in discovery. Instead, Plaintiff argues only that Defendant should have consulted him before filing the motion. [ECF No. 43]. However, Local Civ. Rule. 7.02 (D.S.C.) makes exceptions to the general duty to consult when there is a motion to dismiss and where the opposing party is not represented by counsel. Plaintiff has not provided any justification for his failure to meaningfully participate in discovery despite the court's orders granting the motions to compel. Therefore, the undersigned can only conclude that Plaintiff has acted in bad faith.

Defendant has been prejudiced by Plaintiff's failure to provide substantive responses to the most basic discovery requests. Additionally, any litigant's disregard for court orders that require disclosure of information directly related to claims and damages is behavior that must be deterred. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (upholding the district court's finding that similar tactics "must obviously be deterred"). Further, lesser sanctions would likely be ineffective, as Plaintiff has failed to substantively respond despite the undersigned's warning that such failure may lead to dismissal. *See also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (holding the magistrate judge's prior explicit warning that a recommendation of dismissal would result if the plaintiff failed to obey the judge's order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning). Therefore, consideration of all the factors favors granting Defendant's motion to dismiss.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion to dismiss be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 12, 2016                                Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).