IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Reginald Evans,<br><br>      Plaintiff,<br><br>v.<br><br>Land Star Transportation Logistic, Inc.,<br><br><br>      Defendant. | C/A No. 0:15-3521-JFA<br><br><br><br>**ORDER** |

## I.  INTRODUCTION

Reginald Evans ("Plaintiff"), proceeding pro se, filed this suit against Land Star Transportation Logistic, Inc. ("Defendant") alleging that Defendant discriminated against him based on his race, color, disability, and age when Defendant decided not to hire him as an independent contractor. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Complaint in this case with prejudice. (ECF No. 45). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 12, 2016. Plaintiff filed a response to the report on May 27, 2016, (ECF No. 48) and Defendant filed a reply to Plaintiff's objections on June 9, 2016 (ECF No. 50). Thus, this matter is ripe for the Court's review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II.   DISCUSSION

Here, Plaintiff attempts to make four objections to the Report and Recommendation. Although vague, all four statements can be construed as definite enough to constitute objections. However, each objection is without merit.

First, Plaintiff asserts that Defendant failed to attempt to resolve discovery disputes prior to filing motions related to discovery. Although the record does indicate that Defendant made a good faith effort to resolve discovery disputes before court intervention, no duty was necessary. Local Civ. Rule 7.02 (D.S.C.) makes an exception to the general rule to consult when there is a motion to dismiss and where the opposing party is not represented by counsel. Therefore Plaintiff's first objection is inapplicable to this case.

Plaintiff's second objection asserts that Defendant took advantage of Plaintiff's pro se status in filing its Motion to Dismiss. Apart from this bare assertion, Plaintiff has offered no evidence or asserted any authority for this conclusion. Additionally, the record shows no indication of bad faith or any unethical behavior on behalf of Defendants. Therefore, Plaintiff's second objection is without merit.

Plaintiff's third objection asserts that the Magistrate Judge's Report and Recommendation failed to consider Plaintiff's previous motion to compel brought against Defendant. However, the Court properly denied this prior motion on June 11, 2016, after receiving Defendant's response in opposition to Plaintiff's motion. (ECF No. 26). Thus, Plaintiff's earlier motion to compel has been decided and has no bearing on Defendant's current dispositive motion.

Lastly, Plaintiff asserts that the Magistrate Judge erred in deciding the Motion to Dismiss without a hearing. Local Civ. Rule 7.08 (D.S.C.) states that "[h]earings on motions may be ordered by the court in its discretion," and otherwise "motions may be determined without a hearing." Therefore, Plaintiff was not entitled to a hearing, and the Magistrate Judge correctly issued its Report and Recommendation based on the parties' briefs and exhibits thereto.

### III.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 45).  Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 17, 2016                                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

4